

Joseph Lee Matalon
Partner

212-909-9675 Tel.

JLMatalon@wmllp.com

WWW.WMLLP.COM

One Dag Hammarskjold
885 SECOND AVENUE
NEW YORK NY 10017
MAIN TEL 212 909-9500
FACSIMILE 212 371-0320

July 19, 2022

**VIA ECF**

The Honorable J. Paul Oetken, U.S.D.J.
United States Courthouse
40 Foley Square, Room 2101
New York, New York 10007

        Re:   **Thor 942 Fulton Street, LLC v. Future Transactions Holdings, LLC et al.**
              **Civil Action No. 22-cv-05880 (JPO)**

Dear Judge Oetken:

      This firm represents plaintiff Thor 942 Fulton Street, LLC. This letter is respectfully submitted pursuant to Part I of your Individual Practice Rules and in compliance with the order dated July 14, 2022 (ECF Doc. 9), to explain the basis for diversity jurisdiction. This letter should be read in conjunction with the allegations in the Amended Complaint, filed as of right pursuant to Fed. R. Civ. P. 15(a)(1)(A).

**Plaintiff's Citizenship**

      Because there are successive layers of limited liability companies, an organization chart is attached to this letter. Plaintiff is a Delaware limited liability company. The sole member of plaintiff is Thor Design District MM LLC, a Delaware limited liability company. In turn, the sole member of Thor Design District MM LLC is DSFT Holdings LLC, a Delaware limited liability company. DSFT Holdings is wholly owned by the DSFT 2011 Family Trust.

      The DSFT 2011 Family Trust has three trustees: Isaac J. Sitt, Albert Dayan, and Betty Sitt. Isaac J. Sitt and Betty Sitt are New York residents and domiciliaries. Albert Dayan is a New Jersey resident and domiciliary.[1] The beneficiaries of the DSFT 2011 Family Trust are the

---

[1] The DSFT 2011 Family Trust also has an "administrative trustee" — Christiana Trust, A Division of Wilmington Savings Fund Society, FSB — which does not have the powers of a trustee under the trust instrument, and has circumscribed duties, limited to maintaining records, bank accounts, storing property, and other administrative functions. The administrative trustee's home office is in Delaware and the administrative trustee, as a federal savings bank, is a Delaware citizen for diversity purposes. *See* 12 U.S.C. 1464(x). The citizenship of a clerical administrator, such as Christiana Trust, need not be considered for the purpose of determining whether complete diversity exists. *See MSR Trust v. Nationstar Mortgage LLC*, 2021 WL 4200720, at **6-7 (S.D.N.Y. Sept. 15, 2021) (holding that the citizenship of a trustee who does not have legal or beneficial ownership of the trust's property is not relevant in determining whether diversity jurisdiction exists). However, even if considered, the administrative trustee's citizenship — Delaware — does not defeat diversity jurisdiction.

children of Joseph J. Sitt, all of whom are New York residents and domiciliaries.  Therefore, for purposes of diversity jurisdiction, the citizenship of the plaintiff limited liability company is New York and New Jersey.

There is a split among the courts in this district in determining the citizenship of a trust.  Some courts look only to the citizenship of the trust's beneficiaries, while others to the trustees' citizenship, and still others take a dual trustee-beneficiary approach. *See e.g. Nomura Asset Acceptance Corp. Alternative Loan Trust, Series 2007-1 v. Nomura Credit & Capital, Inc.*, 27 F. Supp. 3d 487, 490-92 (S.D.N.Y. 2014) ("[T]he question becomes: in determining the citizenship of a trust, should courts look to the citizenship of the trustee or the citizenship of the beneficiaries? The Second Circuit has not spoken on the question. And courts within this district are split on this exact question.") (internal citations, alterations, quotations, and footnote omitted); *Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219 (S.D.N.Y. 2013); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F. Supp. 2d 261 (S.D.N.Y. 2008).  Regardless of the precise approach, however, there is diversity of jurisdiction here because, as set forth below, defendants are citizens of California and Canada

### **Defendants' Citizenship**

According to public filings:  (i) Defendant Future Transactions Holdings, LLC ("Tenant") is an Illinois limited liability company;  (ii)  Tenant's sole member is defendant MM Enterprises USA, LLC ("MM"); (iii) MM is a Delaware limited liability company whose sole member is defendant MedMen Enterprises, Inc. ("MedMen"); and (iv)  MedMen is a Canadian corporation incorporated in British Columbia, with its principal place of business at 10115 Jefferson Blvd., Culver City, CA 90232.  Therefore, for purposes of diversity jurisdiction, the citizenship of defendants is California and Canada.

### **Conclusion**

Plaintiff respectfully submits that there is complete diversity of citizenship between the adverse parties in this lawsuit.  This is an action between citizens of different states, or citizens of a state and citizens of a foreign state.  The sum in controversy exceeds $75,000.00, exclusive of interest and costs.  Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) or (a)(2).

Respectfully submitted,

*Joseph Lee Matalon*

Joseph Lee Matalon

# Organizational Chart
# 942-44 W. Fulton, Chicago

