**WACHTEL MISSRY LLP**
Joseph Lee Matalon
1602 Lawrence Avenue – Suite 110
Ocean, New Jersey 07712
(212) 909-9675

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
THOR 942 FULTON STREET, LLC,                :
                                                                              :
                                                            Plaintiff,   :    Case No.: 1:22-cv-05880
                                                                              :
          -against-                                              :
                                                                              :    **AMENDED COMPLAINT**
FUTURE TRANSACTIONS HOLDINGS, LLC, :
MM ENTERPRISES USA, LLC,                       :
and MEDMEN ENTERPRISES INC.,              :
                                                                              :
                                                     Defendants.  :
-------------------------------------------------------------X

Plaintiff 942 FULTON STREET, LLC ("Plaintiff" or "Landlord"), through its attorneys Wachtel Missry LLP, complaining of defendants, alleges:

### NATURE OF ACTION

1.      This is a diversity action between plaintiff-landlord and the tenant and two guarantors for breach of a commercial lease and guarantees thereof.  As of the date hereof, defendants owe Landlord at least $950,960.02, as well as attorneys' fees in an amount to be determined.

### PARTIES

2.      Landlord is a Delaware limited liability company, with its principal place of business at 25 West 39th Street, 2nd Floor, New York, NY 10018.

3.      The sole member of Landlord is Thor Design District MM LLC, a Delaware limited liability company whose sole member, in turn, is DSFT Holdings LLC.

4. DSFT Holdings is wholly owned by the DSFT 2011 Family Trust.

5. The DSFT 2011 Family Trust has three trustees: Isaac J. Sitt, Albert Dayan, and Betty Sitt. Isaac J. Sitt and Betty Sitt are residents, citizens and domiciliaries of New York. Albert Dayan is a resident, citizen and domiciliary of New Jersey.

6. The beneficiaries of the DSFT 2011 Family Trust are the children of Joseph J. Sitt and Betty Sitt, all of whom are New York residents, citizens and domiciliaries. They have four sons, named Jack Sitt, David Sitt, Joshua Sitt, and Daniel Sitt, and a minor daughter.

7. Accordingly, for purposes of diversity jurisdiction, the citizenship of Plaintiff is New York and New Jersey.

8. Upon information and belief, defendant Future Transactions Holdings, LLC ("Tenant") is an Illinois limited liability company with its principal place of business in Chicago, Illinois. Tenant's sole member is defendant MM Enterprises USA, LLC.

9. Upon information and belief, defendant MM Enterprises USA, LLC ("MM") is a Delaware limited liability company, having an address at 10115 Jefferson Blvd., Culver City, CA 90232. The sole member of this entity is defendant MedMen Enterprises, Inc.

10. Upon information and belief, defendant MedMen Enterprises, Inc. is a Canadian corporation, with its principal place of business at 10115 Jefferson Blvd., Culver City, CA 90232.

11. Accordingly, and upon information and belief, for purposes of diversity jurisdiction, the citizenship of defendants is California and Canada.

**JURISDICTION AND VENUE**

12. There is complete diversity of citizenship between the adverse parties. This is an action between citizens of different states, or citizens of a state and citizens of a foreign state.

The sum in controversy exceeds $75,000.00, exclusive of interest and costs. Hence, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) or (a)(2).

13. A substantial part of the material acts or omissions giving rise to the injuries suffered by plaintiff, upon which this lawsuit is based, occurred within this district. Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

14. Plaintiff and Tenant entered into a commercial lease agreement, dated June 28, 2019 (as amended, the "Lease"), for premises located at 942-944 West Fulton Street, Chicago, Illinois 60611 (the "Premises").

15. Pursuant to Section 33.1 of the Lease, defendants MM Enterprises USA, LLC and MedMen Enterprises, Inc. each executed and delivered separate, but nearly identical, Guaranties substantially in the form annexed as Exhibit A to the Lease.

16. In breach of the Lease, Tenant failed to pay rent to plaintiff starting in August 2021, and has paid nothing since.

17. For each month from August 2021 to the present, Tenant was required to pay Landlord base rent of $70,726.67, operating costs of $2,666.67, and insurance costs of $556.29. The monthly real estate charge of $4,429.26, in effect in August 2021 through March 2022, increased to $5,014.59 in April 2022.

18. In addition, Tenant's failure to timely rent requires it to pay a 10% late charge on the sums past due.

19. Guarantors have breached their guaranties because Tenant's failure to make the required payments compelled Guarantors to make the payments, but they failed to do so.

## COUNT I
## BREACH OF CONTRACT – AGAINST TENANT

20.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 19 of this Complaint as though fully set forth at length herein.

21.     Plaintiff and Tenant entered into a valid and enforceable contract, that is, the Lease.

22.      Tenant breached the contract by failing to pay the monthly charges due from August 2021 to the present.

23.     The principal amount owed by Tenant over the course of these 11 months is $864,509.11.

24.     In addition, Tenant owes late fees of 10% of that amount, or $86,450.91.

25.     Finally, pursuant to Section 21.7 of the Lease, Landlord is entitled to reimbursement of the attorneys' fees and costs it incurred in connection with its efforts to recover the amount owed, including this action.

## COUNT II
## BREACH OF CONTRACT – AGAINST DEFENDANT MM ENTERPRISES USA, LLC

26.     Landlord repeats and realleges each and every allegation contained in Paragraphs 1 through 25 of this Complaint as though fully set forth at length herein.

27.     Under the guaranty it executed, MM was and is jointly and severally liable for Tenant's financial obligations under the Lease.  In particular, MM irrevocably and unconditionally guaranteed to Landlord the full payment and observance of "all obligations to be paid, performed and observed by Tenant under the Lease, when and as the Lease requires Tenant to pay, perform and observe same, including, without limitation, the prompt and timely payment

of all Fixed Rent, Additional Rent and other sums payable under the Lease including, without limitation, reasonable costs of collection and enforcement (including reasonable legal fees and disbursements) with the same force and effect as if Guarantor had been signatory to the Lease, jointly and severally liable thereunder with Tenant[.]"

28. Similarly, pursuant to paragraph 6 of the guaranty, "Guarantor shall pay all of Landlord's costs and expenses (including, without limitation, reasonable attorneys' fees and disbursements) in enforcing this Guaranty."

29. The Guaranty is a valid and enforceable obligation of MM.

## COUNT III
## BREACH OF CONTRACT – AGAINST DEFENDANT MEDMEN ENTERPRISES, INC.

30. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 29 of this Complaint as though fully set forth at length herein.

31. Under the guaranty it executed, MedMen Enterprises, Inc. was and is jointly and severally liable for Tenant's financial obligations under the Lease. In particular, MedMen Enterprises, Inc. irrevocably and unconditionally guaranteed to Landlord the full payment and observance of "all obligations to be paid, performed and observed by Tenant under the Lease, when and as the Lease requires Tenant to pay, perform and observe same, including, without limitation, the prompt and timely payment of all Fixed Rent, Additional Rent and other sums payable under the Lease including, without limitation, reasonable costs of collection and enforcement (including reasonable legal fees and disbursements) with the same force and effect as if Guarantor had been signatory to the Lease, jointly and severally liable thereunder with Tenant[.]"

32.     Similarly, pursuant to paragraph 6 of the guaranty, "Guarantor shall pay all of Landlord's costs and expenses (including, without limitation, reasonable attorneys' fees and disbursements) in enforcing this Guaranty."

33.     The Guaranty is a valid and enforceable obligation of Medmen Enterprises, Inc.

**WHEREFORE**, Plaintiff demands that judgment be entered against defendants as follows:

(i)     On the First Count, a money judgment against Tenant in the principal amount of $950,960.02, together with such additional amounts as shall accrue through the entry of final judgment.

(ii)    On the Second Count, a money judgment against MM in the principal amount of $950,960.02, together with such additional amounts as shall accrue through the entry of final judgment.

(iii)   On the Third Count, a money judgment against Medmen Enterprises, Inc. in the principal amount of $950,960.02, together with such additional amounts as shall accrue through the entry of final judgment.

(iv)    Awarding plaintiff pre- and post-judgment interest as provided by law;

(v)     Awarding plaintiff attorney's fees, costs, and disbursements; and

(vi)    Awarding plaintiff such other and further relief as may be just and proper.

**WACHTEL MISSRY, LLP**

By: *Joseph Lee Matalon*
      Joseph Lee Matalon
      Jason L. Libou
1602 Lawrence Avenue
Suite 110
Ocean, New Jersey 07712
jlmatalon@wmllp.com
jlibou@wmllp.com

*Attorneys for Plaintiff Thor 942 Fulton Street, LLC*

Dated:  July 19, 2022