**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

THOR 942 FULTON STREET, LLC,

    Plaintiff,

    v.

FUTURE TRANSACTIONS HOLDINGS, LLC, MM ENTERPRISES USA, LLC, and MEDMEN ENTERPRISES INC.,

    Defendants.

Case No.: 1:22-CV-5880(JPO)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS THE COMPLAINT**

GUZOV, LLC

437 Madison Avenue, 24th Floor
New York, NY 10022
Tel.:   (212) 371-8008

*Attorneys for Defendants*

Defendants Future Transactions Holdings, LLC, MM Enterprises USA, LLC. and MedMen Enterprises, Inc. ("Defendants") respectfully submit this Memorandum of Law in support of their motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint of Plaintiff Thor 942 Fulton Street, LLC on the ground that the Complaint fails to state a claim upon which relief can be granted.

## INTRODUCTION

Plaintiff is the owner of 942-944 West Fulton Street, Chicago, Illinois (the "Premises"), a raw, unfinished warehouse-type space of over 23,000 square feet in a vibrant area of Chicago. Plaintiff is affiliated with the Thor Equities Group which "owns prime assets in the United States, Europe, and Latin America, with portfolio transactions and a development pipeline spanning 50 million square feet in excess of $20 billion."[1]

Defendant Future Transactions Holdings, LLC ("Future") entered into a 15-year lease of the Premises from Plaintiff dated June 28, 2019 (the "Lease"), which provides for rent of $800,000/year in the first year, increasing annually to over $1.2 million in the fifteenth year. Defendants MM Enterprises USA, LLC. and MedMen Enterprises, Inc. entered into separate guaranties of the Lease (the "Guaranties"). True and correct copies of the Lease and Guaranties are attached as Exhibit A to the Declaration of Geoffrey Whitehouse, executed on September 16, 2022 ("Whitehouse Decl.").[2]

Recreational marijuana (or cannabis) sales and use was legalized in Illinois as of January 1, 2020. Defendants' exclusive business activities are the operation of cannabis dispensaries and

---

[1]   https://thorequities.com/about/

[2]   When reviewing a Rule 12(b)(6) motion, a Court may review any documents that are attached thereto, incorporated by reference, or "integral" to the allegations, and any facts of which a Court may take judicial notice. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007).  The Lease and the Guaranties are referred to and integral to the Complaint.

1

delivery services. Whitehouse Decl. ¶ 3. The sole permitted use of the Premises as set forth in the Lease at Section 5.1 is as a "cannabis dispensary." Specifically, Section 5.1 of the Lease provides:

> Tenant shall use and occupy the entire Premises solely as a cannabis dispensary, operated in substantially the same manner as other MedMen stores in the United States and for any ancillary uses related thereto, and, with respect to the upper levels of the Building, for general office and administrative uses (the "Permitted Use"), and for no other use or purpose whatsoever.

Defendants do not dispute that neither the lessee, Future, nor the guarantors have paid rent under the Lease starting in August 2021 and surrendered the Premises to Plaintiff in February 2022. Whitehouse Decl., ¶ 4. As Plaintiff well knows, however, it is not entitled to judicial enforcement of the Lease and the Guaranties or the damages it seeks because the distribution and sale of marijuana and the lease of real estate for such purposes is still illegal under Federal law.

## ARGUMENT

**I.      LEGAL STANDARD**

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *See Ashcroft v.*

*Iqbal*, 556 U.S. at 679-80.  Second, a court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

**II.     THE SALE OF MARIJUANA REMAINS ILLEGAL UNDER FEDERAL LAW**

It is illegal under Federal law to manufacture, distribute and possess with intent to distribute marijuana, a Schedule I controlled substance; or an attempt to carry out these activities; or where aiding and abetting an attempt to do so.  *See* 21 U.S.C. § 812(c)(10) (listing marijuana as a Schedule I controlled substance); 21 U.S.C. § 841(a)(1) (criminalizing the manufacture, distribution and possession with intent to distribute of controlled substances in the absence of authorization under the CSA); 21 U.S.C. § 846 (criminalizing conspiracies and attempts to violate the CSA); 18 U.S.C. § 2(a) (criminalizing aiding and abetting violations of federal criminal law); 21 C.F.R. § 1308(d)(23) (listing marijuana as a Schedule I controlled substance); 21 C.F.R. § 1308(d)(58) (listing marijuana extract as a Schedule I controlled substance).  In addition, it is unlawful under Federal law to lease any place for the purpose of distributing any controlled substance, including marijuana, as Plaintiff did here.  Specifically, 12 U.S.C. § 856(a) provides:

> Except as authorized by this subchapter, it shall be unlawful to--
>
> (1) knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance;
>
> (2) manage or control any place, whether permanently or temporarily, either as an owner, lessee, agent, employee, occupant, or mortgagee, and knowingly and intentionally rent, lease, profit from, or make available for use, with or without compensation, the place for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance.
>
> Notably, "[b]y classifying marijuana as a Schedule I drug, as opposed to listing it on a

lesser schedule, the manufacture, distribution, or possession of marijuana became a criminal offense, with the sole exception being use of the drug as part of a Food and Drug Administration preapproved research study." *Gonzales v. Raich*, 545 U.S. 1, 14 (2005). Under the CSA, marijuana is contraband for any purpose, and, if there is any conflict between federal and state law with regard to marijuana legislation, federal law prevails pursuant to the Supremacy Clause. *Id.* at 29.

As stated, Defendants' exclusive business activities are the operation of cannabis dispensaries and delivery services. The only source of funds by which Defendants could pay contractual damages is proceeds from the distribution and sale of marijuana. Whitehouse Decl. ¶ 3.

In short, Plaintiff's lease of the Premises to Defendants to be used as a cannabis dispensary is illegal under Federal law. As a result, federal courts have refused to permit marijuana-related claims, like Plaintiff's breach of contract claims here, that implicate illegal activities under the CSA.

### III. PLAINTIFF IS PRECLUDED FROM ENFORCING THE LEASE AND GUARANTIES IN THIS COURT

"Under both federal and state law, illegal agreements, as well as agreements contrary to public policy, have long been held to be unenforceable and void." *United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 879 F.2d 20, 28 (2d Cir. 1989). "The power of the federal courts to enforce the terms of private agreements is at all times exercised subject to the restrictions and limitations of the public policy of the United States as manifested in ... federal statutes.... Where the enforcement of private agreements would be violative of that policy it is the obligation of courts to refrain from such exertions of judicial power." *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 83-84 (1982) (*quoting Hurd v. Hodge*, 334 U.S. 24, 34-35 (1948)). As a

consequence, New York Federal and State courts have consistently recognized that agreements made in violation of law are unenforceable. *See, e.g., Benjamin v. Koeppel*, 85 N.Y.2d 549 (1995); *Lloyd Capital Corp. v. Pat Henchar, Inc.*, 80 N.Y.2d 124 (1992); *Bankers Trust Co. v. Litton Systems, Inc.*, 599 F.2d 488, 492 (2d Cir.1979)( Courts have typically refused to enforce agreements made on an "illegal bargain"); *Freydl v. Meringolo*, No. 09 Civ. 7196(JPO), 2013 WL 1285286, at *8)(S.D.N.Y. Mar. 29, 2013) ("It is axiomatic that courts will generally refuse to enforce illegal contracts…[and] a party to an illegal contract cannot ask a court of law to help him carry out his illegal object, nor can such a person plead or prove in any court a case in which he, as a basis for his claim, must show forth his illegal purpose.")(Oetken, J.)(citations omitted). *See also Orthodontic Centers of Illinois, Inc. v. Michaels*, 403 F. Supp. 2d 690 (N.D. Ill. 2005)(under Illinois law, contracts for the performance of illegal acts are "void and incapable of enforcement").

The overarching issue is Defendants' direct involvement in the distribution and sale of marijuana, which is their sole business.  Accordingly, marijuana is not an indirect or tangential aspect of this breach of contract dispute — it lies at the heart of Defendants' business and thus, the factual allegations of this lawsuit.

While marijuana distribution and use have been legalized in a number of states across the Country, including Illinois, they are not under the CSA.  As such, federal courts must still uniformly decline to enforce contracts that have as their object the conduct of the cultivation, manufacturing, distribution and sale of marijuana that is illegal under Federal law because any relief that could be fashioned would necessarily endorse or require an illegal activity.  *See, e.g., 1240 S. Bannock, LLC v. Siem*, No. 2:21-cv-00183, 2022 WL 2161386 at *5-6 (W.D. Mich. May 27, 2022)(court refused to enforce plaintiff's contract for the purchase of real estate to be used

5

for the manufacture and retail sale of marijuana); *Sensoria, LLC v. Kaweske*, 2021 WL 103020, at *6 (D. Colo., Jan. 12, 2021) (dismissing investor's allegations in lawsuit based on the pleadings in the complaint against owners of a corporate holding company that owned and operated marijuana retail and manufacturing entities); *J. Lilly, LLC v. Clearspan Fabric Structures International, Inc.*, No. 3:18-cv-01104-HZ, 2020 WL 1855190, at *11-12 (D. Or., April 13, 2020) (dismissing claim for lost profits from the sale of marijuana arising out of alleged breach of greenhouse lease with option to purchase); *Bart St. III v. ACC Enters., LLC*, No. 2:17-cv-00083-GMN-VCF, 2018 WL 4682318, at *5 (D. Nev. Sept. 27, 2018) (enforcing terms of promissory notes securing loans for marijuana-related businesses that required the loan funds to be spent on legal acts and holding that contract provision requiring the use of funds for operating capital for marijuana cultivation was unenforceable because it violated federal law); *Hemphill v. Liberty Mut. Ins. Co.*, No. 10-861 LH/RHS, 2013 WL 12123984, at *2 (D.N.M. Mar. 28, 2013) (granting summary judgment to defendant on ground that federal court sitting in diversity could not require insurance company to pay plaintiff's future medical expenses for medical marijuana use because to do so would violate federal law and policy); *Tracy v. USAA Cas. Ins. Co.*, No. 11-00487 LEK-KSC, 2012 WL 928186, at *13 (D. Haw. Mar. 16, 2012) (declining to order home insurer to pay for insured's claim for theft of marijuana plants because "Plaintiff's possession and cultivation of marijuana, even for State-authorized medical use, clearly violates federal law"). This is especially true, as here, where Plaintiff fails to allege how its requested relief could be paid from an asset source independent of marijuana.

No court in this Circuit has squarely held that contracts that directly involve the sale of marijuana will not be enforced. There is no basis to argue, however, that any court in this Circuit should disregard the well-settled principle that contracts that are illegal under Federal law will

not and indeed, cannot, be enforced as they are violative of public policy. For example, Judge Failla recently held that, as a factual matter, there was no breach of a memorandum of understanding to purchase a plot of land and develop it as a facility to purchase and process cannabis under California law. *Ricatto v. M3 Innovations Unlimited*, No. 18 Civ. 8404 (KPF), 2019 WL 6681558 (S.D.N.Y. Dec. 6, 2019). Of relevance here, however, Judge Failla did express firm doubts as to the enforceability of a cannabis contract even if there was in fact a breach of the MOU:

> If Plaintiff were correct [that the MOU was breached], and Plaintiff did in fact seek enforcement of a contract that obligated Defendants to develop land, it is not readily apparent to the Court that it could enforce such a contract. As the Second Circuit has unequivocally stated, "[m]arijuana remains illegal under federal law, even in those states in which medical marijuana has been legalized." *United States v. Canori*, 737 F.3d 181, 184 (2d Cir. 2013) (citing 21 U.S.C. § [903], which provides "for preemption where 'there is a positive conflict between [a provision of the federal Controlled Substances Act ("CSA")] and that State law such that the two cannot consistently stand together' "); *see also* 21 U.S.C. §§ 812 (scheduling controlled substances), 844(a) (listing penalties). "That the Department of Justice has chosen to prioritize certain types of prosecutions unequivocally does not mean that some types of marijuana use are now legal under the CSA." *Canori*, 737 F.3d at 185.

*Id.* at *5 n.4. While Judge Failla's remarks were concededly *dicta*, her reasoning is clearly compelled by well-settled law established in Circuits across the nation.

While the Lease and Guaranties that contemplate the operation of a cannabis dispensary may be legal under Illinois law, it is respectfully submitted that they are not legal under Federal law and cannot be enforced in this Court.

## **CONCLUSION**

      For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss the Complaint for failure to state a valid claim.

Dated: September 16, 2022

                        GUZOV, LLC

By:   */s/ signature*
      Debra J. Guzov
      Philip M. Smith
      Silvia L. Bolatti

437 Madison Avenue, 24th Floor
New York, New York 10022
Tel.:  (212) 371-8008

dguzov@guzovllc.com
psmith@guzovllc.com
sbolatti@guzovllc.com

*Attorneys for Defendants Future Transactions Holdings, LLC, MM Enterprises USA, LLC. and MedMen Enterprises, Inc.*