Joseph Lee Matalon
Partner
(212) 909-9675
jlmatalon@wmllp.com

**WACHTEL MISSRY**

WWW.WMLLP.COM

1602 Lawrence Avenue/Suite 110
Ocean, New Jersey 07712

October 3, 2022

<u>VIA ECF</u>

Hon. J. Paul Oetken, U.S.D.J.
U.S. District Court, Southern District of New York
40 Foley Square, Room 2101
New York, New York 10007

    Re:  <u>Thor 943 Fulton Street, LLC v. Future Transactions Holding, LLC;</u>
          Case No.: 1:22-CV-5880 (JPO)(SN)

Dear Judge Oetken:

    I represent plaintiff and write to respectfully request that the Court enter an order dismissing this action without prejudice pursuant to F.R.Civ.P. 41(a)(2).

    As discussed below, but for defendants' sharp procedural tactic of filing a summary judgment motion, despite an already-pending Rule 12(b)(6) motion to dismiss based on precisely the same grounds, plaintiff had the unilateral right to withdraw the action under Rule 41(a)(1)(A)(i), and such withdrawal would have been without prejudice. After I discussed my intention to withdraw without prejudice with defense counsel, both orally and in writing, on September 28, 2022, defendants rushed to file a summary judgment later that day, solely to preclude plaintiff from exercising its unilateral dismissal right under Rule 41(a)(1)(A)(i). Procedurally, then, an order is now required to effect such a dismissal. Fortunately, Rule 41(a)(2) provides that in appropriate circumstances the Court may dismiss an action without prejudice, and here, such an order, at plaintiff's own behest, is entirely appropriate.

    This is a diversity action by a New York-based landlord against a tenant and guarantors for unpaid rent and related claims in connection with a written lease for a cannabis dispensary and general office space in Chicago. For diversity purposes, it appears that defendants' citizenships are California and Canada. In the Lease, tenant expressly waived any defense based on "illegality of performance" and expressly agreed that "federal illegality of Tenant's Permitted Use shall not be a valid defenses to any claim arising from this Lease, and Tenant waives the right to present any such defense related to the status of cannabis under federal law, it being expressly agreed and bargained for by the parties that the current or future illegality of marijuana under any Laws is solely at Tenant's risk and expense." *See* Lease, ECF Doc. 20-1, at §§ 1.8 & 5.4(e).

Instead of answering, defendants filed a motion to dismiss under Rule 12(b)(6), arguing that as a matter of federal law (and ignoring its waiver of the argument), federal courts should not enforce the lease because the sale of cannabis violates the Controlled Substances Act. Although plaintiff disagrees that enforcement of the contract violates federal law or policy, it concluded that it was unnecessary to litigate the issue in federal court, inasmuch as the action does not assert any rights or claims under federal law, but is simply a breach of contract action in relation to conduct that is perfectly legal under applicable state law. Accordingly, after discussion with my client, plaintiff decided to withdraw the action under Rule 41(a)(1)(A)(i).

On September 28, 2022, I called defendants' counsel, Philip M. Smith, Esq. as a courtesy to let him know plaintiff's plan. Although acknowledging that plaintiff had a unilateral right to withdraw, Mr. Smith asserted that such a move would be a useless gesture since defendants could simply remove the action back to federal court, since diversity jurisdiction existed. I responded that my recollection from my Civil Procedure class in law school was that a defendant sued in its home state did not have a removal right, and that I would research the matter and get back to him.

A short while later I wrote to Mr. Smith confirming the correctness of my recollection, and quoted from 28 U.S.C. 1441(b)(2) for the proposition (please see email trail annexed hereto as Exhibit A). I also quoted California and Illinois statutory provisions, which expressly confirm the legality of cannabis-related contracts, and their enforceability, despite any federal law to the contrary.

Mr. Smith's email response in the afternoon to the effect that I needed a court-order to withdraw was puzzling in light of Rule 41(a)(1)(A)(i), and his earlier acknowledgement on our phone call that plaintiff had the right to discontinue without prejudice. That evening, I learned what he meant: that since defendant had rushed to file a summary judgment motion in the interim, Rule 41(a)(1)(A)(i) was no longer operative by its terms. Nonetheless, Rule 41(a)(2) *is* operative, and we respectfully request that the Court enter an order dismissing this action without prejudice. (To be clear, if the Court declines to allow a dismissal without prejudice, plaintiff does not want a dismissal *with* prejudice, but will instead oppose the summary judgment motion on the merits).[1]

"Although voluntary dismissal without prejudice is not a matter of right, there is a presumption in this circuit that generally motions to dismiss claims without prejudice should be granted." *Ascentive LLC v. Opinion Corp.*, 2012 WL 1569573 at *2 (E.D.N.Y. May 3, 2012); *see also Catanzo v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001) (reversing the district court's denial of plaintiffs' Rule 41(a)(2) motion) ("Generally . . . a voluntary dismissal without prejudice under

---

[1] Recognizing the absurdity of having a motion to dismiss and a summary judgment motion pending simultaneously, defendants asked for leave to withdraw the dismissal motion, *after* having filed the summary judgment motion (a species of "shoot first, ask questions later.") If the present application is granted, defendants' request (and the summary judgment motion) would become moot. If the Court denies the within application, plaintiff urges the Court to deny the request to withdraw the dismissal motion and to strike the summary judgment motion as premature; otherwise defendants would technically be in default for not having answered.

Rule 41(a)(2) will be allowed if the defendant will not be prejudiced thereby.") (internal quotations omitted).

Case law in this circuit establishes the factors that a Court should take into consideration when a Rule 41(a)(2) voluntary dismissal without prejudice is requested, namely:

> [1] the plaintiff's diligence in bringing the motion; [2] any "undue vexatiousness" on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss.

*See Catanzo*, 277 F.3d at 109-110 (quoting *Zagango v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)).

All of these factors support a dismissal without prejudice here. (1) Plaintiff was not dilatory at all in making this request, it having been made within three business days of defendants' September 29 maneuver to prevent the intended (and disclosed) voluntary dismissal by plaintiff; (2) this motion is not being made to vex, harass or annoy; (3) the litigation is in its earliest stages, there having been no initial conference, discovery or mandatory disclosures; (4) there will be no "duplicative" expenses of "relitigation,"; (5) plaintiff's explanation for seeking an order for dismissal without prejudice is surely "adequate." *See Mercer Tool Corp. v. Friedr. Dick GmbH*, 175 F.R.D. 173, 175-76 (E.D.N.Y. 1997) (granting motion for a voluntary dismissal without prejudice pursuant to Rule 41(a)(2) ("courts have recognized that the possibility of commencing another action in state court will not operate as a bar to granting the motion."); *Zimpro Inc. v. U.S. Envt'l Protection Agency*, 83 F.R.D. 302, 303 (N.D.N.Y. 1979) ("the mere prospect of having to defend against a second lawsuit is not the type of prejudice that would warrant denial of a Rule 41(a)(2) motion.").

Accordingly, plaintiff respectfully requests that the Court grant this application pursuant to Rule 41(a)(2).

Respectfully,

*Joseph Lee Matalon*

Joseph Lee Matalon

cc: Philip Smith, Esq. (via ECF)