| | |
|---|---|
| **From:** | Joseph Lee Matalon |
| **To:** | psmith@guzovllc.com |
| **Cc:** | Barbara Shweky |
| **Subject:** | Re: Thor v Medmen |
| **Date:** | Wednesday, September 28, 2022 5:42:54 PM |

You mean the pending action?

On Sep 28, 2022, at 3:42 PM, psmith@guzovllc.com wrote:

[EXTERNAL]

But you can't dismiss the NY action without defendants' consent or a court order.

Check….

Philip M. Smith, Esq.
GUZOV, LLC
437 Madison Avenue, 24th Floor
New York, New York 10022
Telephone: 212-371-8008
Facsimile: 212-901-2122
Mobile: 914-419-2508
psmith@guzovllc.com
www.guzovllc.com

**From:** Joseph Lee Matalon <jlmatalon@wmllp.com>
**Sent:** Wednesday, September 28, 2022 3:19 PM
**To:** psmith@guzovllc.com
**Cc:** Barbara Shweky <BShweky@wmllp.com>
**Subject:** Thor v Medmen

Phil,

I enjoyed our chat.  I did a little research, as I am sure you will too.

First, my recollection from Civ Pro was correct.   Under 28 U.S.C. 1441(b)(2), an action otherwise removable on diversity grounds

"may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." So my inclination is to voluntarily dismiss the federal action without prejudice and bring the action in a state court where one of the defendants is located. As I mentioned, my preference would be to bring the action in NY, primarily to eliminate a local-counsel layer. You could probably remove such an action, so I would bring it in NY only if we have an agreement not to remove.

Second, I don't think an illegality defense would have much traction in state court. In fact, both Illinois and California have statutes that expressly eliminate the illegality defense in cannabis cases.

```
Illinois:

Sec. 55-75. Contracts enforceable. It is the public policy of this
State that contracts related to the operation of a lawful cannabis
business establishment under this Act are enforceable. It is the
public policy of this State that no contract entered into by a
lawful cannabis business establishment or its agents on behalf of a
cannabis business establishment, or by those who allow property to
be used by a cannabis business establishment, shall be
unenforceable on the basis that cultivating, obtaining,
manufacturing, processing, distributing, dispensing, transporting,
selling, possessing, or using cannabis or hemp is prohibited by
federal law.
(Source: P.A. 101-27, eff. 6-25-19.)

California:
```
(b) Notwithstanding any law, including, but not limited to, Sections 1550, 1667, and 1668 and federal law, commercial activity relating to medicinal cannabis or adult-use cannabis conducted in compliance with California law and any applicable local standards, requirements, and regulations shall be deemed to be all of the following:
(1) A lawful object of a contract.
(2) Not contrary to, an express provision of law, any policy of express law, or good morals.
(3) Not against public policy.

Please revert soon to further our discussions.

Best,

Joe

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

U.S. Treasury Circular 230 Notice: Any U.S. federal tax advice included in this communication was not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. federal tax penalties.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click [here](#) to report this email as spam.