UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――

THOR 942 FULTON STREET, LLC,

                  Plaintiff,

              -v-

FUTURE TRANSACTIONS
HOLDINGS, LLC et al.,

                  Defendants.

―――――――――――――――――――――――――――――――

22-CV-5880 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

       Plaintiff has moved for dismissal without prejudice of this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Whether to grant or deny this dismissal is committed to this Court's "sound discretion," though "generally…voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed if the defendant will not be prejudiced thereby." *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001) (quoting *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir.1985)).  When weighing this decision in this Circuit courts consider:

> "[1] the plaintiff's diligence in bringing the motion; [2] any "undue vexatiousness" on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss."

*Catanzano*, 277 F. 32 at 109 (quoting *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir.1990)).

       The first factor favors dismissal, albeit weakly.  Plaintiff moved for dismissal less than three months after filing the case, before the Defendants answered the complaint, and before discovery had begun.  It is true that a more diligent party might have anticipated the argument made in Defendants' motion to dismiss, but it is nevertheless early in the litigation.  Second, the

Court does not find Plaintiff's conduct to be "unduly vexatious."  Before Defendants filed their motion for summary judgment, Plaintiff could have dismissed this action without prejudice as a matter of right under Rule 41(a)(1)(A)(ii).  Indeed, the record is clear that Defendants filed for summary judgment specifically to thwart Plaintiff's ready ability to voluntarily dismiss the present action without prejudice, after Plaintiff's counsel informed them of their intentions to dismiss and refile elsewhere.  (*See* Dkt. No. 27; Dkt. No. 30.)

The third factor also favors dismissal.  In filing for summary judgment, Defendants merely changed the legal standard on their already-filed motion to dismiss and refiled it. (*Compare* Dkt. No. 19 and Dkt. No. 25.)  In all other respects, the two motions match word-for-word.  No answer has been filed and discovery has not commenced.  Nor have Defendants prepared for trial.  And though Defendants argue that Plaintiff "made a significant effort to establish jurisdiction in this court," this mischaracterizes the record.  (*See, e.g.,* Dkt. No. 27 at 1.) In fact, all Plaintiffs did in filing their amended complaint was to properly elaborate on the citizenship status of the LLC Plaintiff in response to a standard order from this Court, a relatively *pro forma* exchange.  In short, this case is in its infancy.  The fourth factor, the duplicative expense of relitigation, also favors dismissal as there is little to duplicate and the costs will be correspondingly minimal.

The final factor is the adequacy of the Plaintiff's explanation.  To be sure, there is strategy behind the procedural moves on both sides here.  Plaintiff concedes that its intent in dismissing the action is to refile it in state court because of the particular status of cannabis's legality under federal law.  (*See* Dkt. No. 30 at 1.)  Yet this case is at an early stage, and it is apparent that Defendants' filing for summary judgment was a tactical device intended to prevent a voluntary dismissal that would otherwise be permitted under the Rules as a matter of right.

Overall, the Court concludes that the factors favor granting permission to voluntarily dismiss without prejudice.

Accordingly, Plaintiff's motion to voluntarily dismiss this action without prejudice pursuant to Rule 41(a)(2) is GRANTED.  This action is hereby dismissed without prejudice.

The Clerk of Court is directed to terminate the motions at ECF Numbers 18, 24, 27, and 30 and to close this case.

SO ORDERED.

Dated: October 17, 2022
       New York, New York

                                              _____
                                                        J. PAUL OETKEN
                                                   United States District Judge